IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: AUGUST 7, 2008
08CV4477
JUDGE HOLDERMAN
MAGISTRATE JUDGE SCHENKIER

| | |
|---|---|
| DOROTA JORDAN, | ) |
|     Plaintiff, | ) |
| v. | ) No.  JFB |
| | ) **JURY TRIAL DEMANDED** |
| NORTHERN KANE EDUCATIONAL CORP. and LARRY FUHRER, | ) |
|     Defendants. | ) |

## COMPLAINT

Now comes the plaintiff, DOROTA ("DOROTHY") JORDAN ("Jordan"), by her attorneys, MARK D. DE BOFSKY, VIOLET H. BOROWSKI and DALEY DE BOFSKY & BRYANT, and complaining against the defendants, NORTHERN KANE EDUCATIONAL CORP. and LARRY FUHRER, she states:

### *Nature of Action*

1. This is a claim for a civil rights violation as well as breach of contract. Plaintiff alleges Defendants wrongfully terminated her employment as a teacher and administrator without a hearing in violation of her due process civil rights pursuant to the Fourteenth Amendment and 42 U.S.C. §1983 and in violation of Plaintiff's contractual rights.

### *Jurisdiction and Venue*

2. The court's jurisdiction over the 42 U.S.C. § 1983 action derives from 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331.   The court also has supplemental jurisdiction over the breach of contract action pursuant to 28 U.S.C. § 1367(a).

3. Defendants are located within this judicial district, and all of the events giving rise to all claims occurred within this judicial district. Venue is therefore proper in this judicial district in accordance with 42 U.S.C. § 1391.

*The Parties*

4. Jordan was born in 1968. She is currently a resident of Pingree Grove, Illinois and a citizen of the State of Illinois. She was employed by Defendants from January 29, 2007 until March 1, 2008, part-time as an executive director of the charter school and part-time as a teacher until she was involuntarily removed from the executive director position and became employed full-time as a teacher, until her employment was terminated altogether on June 13, 2008.

5. Defendant, Northern Kane Educational Corp. ("NKEC") is located at 27475 Ferry Road, Suite 127, Warrenville, Illinois 60555. NKEC owns and initiated the charter for Cambridge Lakes Charter School ('the School"), where Ms. Jordan was an administrator and teacher. The school is located at 900 Wester Drive, Pingree Grove, Illinois 60140. The charter is held by Illinois School District 300. Under Illinois law, 105 ILCS 5/27A-5(a), a charter school is a public school, and public schools constitute state actors. Therefore, NKEC was and is a public entity acting under the color of law and located with the Northern District of Illinois.

6. Plaintiff is informed and believes and alleges thereon that Defendant Larry Fuhrer ("Fuhrer") is the Chief Executive Officer ("CEO") of NKEC, that at all times herein mentioned he acted under color of law, and that as CEO he had final decision-making authority over the decisions relevant as set forth below. This Defendant is being

2

sued in both his individual and official capacities. This Defendant is currently a resident of Naperville, Illinois and a citizen of the State of Illinois.

7. Alternatively, charter schools are private actors whose actions so approximate state action that their acts may be fairly attributed to the state. The School's loan is being repaid by taxpayers. Public money funds the school's daily operations, with District 300 passing along per-pupil General State Aid to the charter school. Therefore, it is a public (not private) school and is open to all K – 8 students from across District 300.

*Facts*

8. Jordan worked for Northern Kane Educational Corp. at Cambridge Lakes Charter School, as an administrator and later a teacher, since January of 2007.

9. Plaintiff is a qualified teacher, properly certified and licensed under the law of the State of Illinois to teach the sixth through the twelfth grades of the public schools of the State of Illinois, which is a type 09 certification.

10. Further, Plaintiff obtained her Masters of Arts in Secondary Education from Roosevelt University on May 2008.

11. On January 29, 2007, Plaintiff began working for NKEC as an at-will employee. Plaintiff was employed to be an executive director at Cambridge Lakes Charter School. She received a monthly stipend of $2,500.00.

12. On August 14, 2007, Ms. Jordan and Defendants executed a written contract extending her employment at the School for a term of two years commencing on September 1, 2007, and ending on August 31, 2009, for the annual salary of $41,000.00. A copy of the contract is attached, marked Exhibit A, and incorporated by reference.

13. On March 1, 2008, Ms. Jordan was relieved of her responsibilities as an executive director and was made a full-time Social Science teacher for seventh and eighth grade.

14. On March 18, 2008, Ms. Jordan signed an addendum to her employment contract extending her term to August 31, 2009 as a seventh grade teacher, marked Exhibit B.

15. Ms. Jordan continued to teach at that school until she was terminated on or about June 11, 2008.

16. While she was employed, Ms. Jordan performed her job duties satisfactorily.

17. The termination of Ms. Jordan's contract was made without legal or factual cause and without affording Ms. Jordan a hearing and/or an opportunity to be heard, informal or otherwise, prior or subsequent to her termination.

18. Ms. Jordan has been ready, willing, and able to continue to teach at the School and fulfill her contractual responsibilities through August 2009.

**COUNT I – VIOLATION OF CIVIL RIGHTS ACT - SECTION 1983**

In support of Jordan's complaint for violation of 42 U.S.C. § 1983 against Northern Kane Educational Corp. and Mr. Fuhrer, plaintiff states:

1 – 18. Plaintiff realleges paragraphs 1-18 of the General Allegations as paragraphs 1-18 of Count I of this complaint.

19. Plaintiff holds a property interest in her employment with NKEC because she has an employment contract with NKEC for a term of two years until August 31, 2009 subject to termination only for cause.

20. Defendants arbitrarily and capriciously deprived Ms. Jordan of that property interest without procedural due process in violation of the Fourteenth Amendment to the United States Constitution (U.S. Const. Amend. XIV) by terminating her without notice, without just cause, and without the opportunity to be heard.

21. As a result of the forgoing, Defendants have violated Plaintiff's civil rights and are liable to Plaintiff under 42 U.S.C. § 1983.

## COUNT II – BREACH OF CONTRACT

In support of Jordan's complaint for breach of contract against Northern Kane Educational Corp. and Mr. Fuhrer, Plaintiff states:

1 – 18.  Plaintiff realleges paragraphs 1-18 of the General Allegations as paragraphs 1-18 of Count II of this complaint.

19. On August 14, 2007, Ms. Jordan and Defendants executed a two (2) year contract for Ms. Jordan to teach at Cambridge Lakes Charter School until August 31, 2009.

20. The employment contract contains a termination provision, which states in relevant part:

   1. This employment Contract may be terminated during its term by:
      a. Mutual agreement;
      b. Permanent disability (inability to perform essential job functions with or without accommodation);
      c. Discharge for cause; or
      d. Death.

   2. Discharge for cause during the term of the Contract shall be for any conduct, act, or failure to act by the Professional which, in the discretion of NKEC, is deemed detrimental to the best interests of the School and those it serves.

21.  In May of 2008, without any legitimate cause or reason, Mr. Fuhrer asked Ms. Jordan to resign.  When she refused, Mr. Fuhrer, CEO of NKEC., sent her a termination letter on June 11, 2008.  The proffered reasons for termination were false and did not constitute a basis or cause for termination. .

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief as to both causes of action:

1.  That Defendants be required to pay Plaintiff general damages;

2.  That Defendants be required to pay Plaintiff special damages;

3.  That Defendants be required to pay Plaintiff attorney's fees pursuant to Section 1976 of Title 42 of the United States Code, Civil Rights Attorney's Fees Awards Act, or any other applicable statutory provision;

4.  That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

5.  That Plaintiff has such other and further relief as this Court may deem proper.

### *Jury Demand*

Plaintiff demands trial by jury.

Dated: Chicago, Illinois
      August 7, 2008                                Respectfully submitted,

                                                                     /s/ Mark D. DeBofsky
                                                                     _____
                                                                     Mark D. DeBofsky
                                                                     Attorney for Plaintiff

Mark D. DeBofsky
Violet H. Borowski
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)

```
FILED: AUGUST 7, 2008
08CV4477
JUDGE HOLDERMAN
MAGISTRATE JUDGE SCHENKIER

JFB
```

# Exhibit A

# EMPLOYMENT CONTRACT
### (Professional Staff & Administration)

AGREEMENT made this 13th day of August, 2007, between the Northern Kane Education Corp., a not-for-profit corporation ("NKEC"), and Dorota A. Jordan, residing at 907 Dover Street, Pingree Grove, IL 60140 ("Professional").

## WITNESSETH:

**A.  EMPLOYMENT, COMPENSATION, AND BENEFITS**

1.  NKEC employs Professional as the Executive Director at Cambridge Lake Charter School ("the School"), for the 2007-2008 and 2008-2009 school years, with the responsibilities and duties established by NKEC in this Contract, in a role description, in its policies, rules and regulations, and as required by law.

2.  NKEC shall pay to the Professional a salary of Forty-One Thousand Dollars ($41,000.00) annually in equal installments monthly on the 20th of each month for a period of twelve (12) months, commencing September 1, 2007. For any unauthorized absence, an amount shall be deducted from the Professional's salary in proportion to the amount of time absent. NKEC may make such salary adjustments as permitted by law.

3.  In addition to the Professional's salary as set forth in paragraph 2 of this Contract, on August 20, 2007, NKEC shall pay Professional a stipend of Three Thousand ($3,000.00), plus other consideration, for work completed and meetings attended between the date of this Contract, earlier acceptance of a Role Description and August 31, 2007.

4.  If the Professional receives a 360 degree evaluation with a score that exceeds 95%, and achieves the Expected Results set out within the accepted Role Description the Professional shall be entitled to incentive compensation of Five Thousand Dollars ($5,000.00) upon completion a year of this Contract or a ratably reduced portion of the incentive based on the percentage of achievement of Expected Results and a 95% evaluation score.

5.  Upon approval of NKEC, the Professional may earn additional compensation through School's Out® assignments, such as but not limited to personal tutoring, workshop leadership, project management et al.

6.  The Professional shall be entitled to all benefits as set forth in NKEC Team Member Benefit Program, attached hereto as Appendix A.

7. The Professional arranged a learning stipend for advanced studies at Roosevelt University of Three Thousand Six Hundred Dollars ($3,600.00) for completion of a Masters Degree. In the event that a stipend equal to or greater than Three Thousand Dollars ($3,000.00) within a fiscal year has been granted and expended by the Professional, the Professional shall be deemed to have benefited by NKEC investment. NKEC shall be entitled to a year of service (Period of Service) following the year in which the investment is made for each $3,000.00 invested in the Professional's professional and personal development. In the event that the Professional elects to resign at any time other than the expiration of this agreement, the unexpended Period of Service shall be reimbursed ratably.

8. The Professional shall be eligible for the Founding Family Scholarship when a child has been enrolled in preschool and other discounts on student fees for the enrollment of the Professional's children in NKEC or School's Out® programs.

**B.    REPRESENTATIONS**

1. The Professional represents that he/she holds a valid, properly registered, __Type 03, __Type 04, __Type 09, __ Type 73, __ Type 10, __Type 75 or__ other_____ certificate(s) issued by the Illinois State Professional Certification Board. In the event the Professional has submitted application to the state and not yet received certification, the Professional will notify the Principal at the time of signing this agreement. The Professional shall promptly notify the Principal of any changes in the Professional's certification status, any credit hours that he/she may have earned and any academic course-work that he/she has undertaken and completed.

2. The Professional represents that he/she is not under Contract at this date with any School District, Charter School or other employer for any portion of the term covered by this Contract. If the Professional previously was under Contract with a local school district that granted a leave of absence to the Professional when he/she accepted employment with the School, the Professional shall provide NKEC with written documentation of such leave of absence. The Professional shall devote his/her best efforts exclusively to the educational program of the School and shall not undertake or accept other employment or responsibilities which will conflict with his/her assigned teaching duties.

3. The Professional represents that he/she has at a Bachelor's Degree or Masters Degree in Education and acceptable and satisfactory services as a Professional, which shall be validated through the reference checking process.

4. The Professional represents that all information provided to NKEC in the process of application for employment are true and complete.

C.  **CONDITIONS OF EMPLOYMENT**

1. As a required condition of employment for new employees, prior to commencing duties under this Contract, a new Professional shall submit to a physical examination by a physician licensed in Illinois to practice medicine and surgery in all its branches, and shall provide NKEC with evidence of physical fitness to perform duties assigned and freedom from communicable disease, including tuberculosis.

2. The Professional shall submit, at NKEC expense, to a physical or mental examination by a physician licensed in Illinois to practice medicine and surgery in all its branches whenever NKEC deems such examination necessary and in accordance with applicable law. As a condition of employment, the Professional also agrees to comply with all health requirements established by law.

3. As a required condition of employment for new employees, the Professional shall authorize a criminal background investigation by NKEC, pursuant to paragraph 10-21.9 of the *School Code*, and a DCFS Child Abuse Registry background investigation.

4. The Professional acknowledges that NKEC hereby engages the Professional as a faculty member and may assign the Professional to any teaching/learning role and that NKEC may transfer the Professional to other positions which he/she is qualified to fill, including a transfer to other schools which may be established by NKEC in the future.

D.  **DUTIES**

1. The Professional's duties shall include all administrative, teaching and record-keeping responsibilities, software mastery, personal learning planning and professional activities reasonably required to successfully complete the accepted assignment, those assigned by NKEC or required by law, including, but not limited to, leading and attending at personal and professional development sessions, faculty meetings, department and team-level meetings, staffings, parent-Professional and learning-plan conferences, and such other meetings established by NKEC and its leadership or administrative rules and regulations.

2. The Professional shall be responsible for, and deemed to have knowledge of, all of the policies, rules and regulations established by NKEC and shall administer and comply with their requirements.

3. The Professional understands that he/she has the professional responsibility and duty to accept any and all extra-duty assignments established by NKEC and its administration.

- 3 -

    4.    The Professional shall be required to work each day of the business week unless that day or days is a defined holiday. If NKEC closes the school to which the Professional is assigned for any reason other than an emergency days (as provided in the *School Code*), the Professional is required by NKEC to be present. If the Professional is not present, the Professional's shall be charged for the absence by reducing (in order) personal days or vacation days or, in the absence of an available day or days, the Professional's salary shall be reduced for the day or days during which the school is closed.

    5.    The Professional is responsible for all other duties as described by the Role Description attached hereto as Appendix B and for all other duties as assigned by the Executive Director or Board of NKEC.

E.    **RENEWAL, RESIGNATION, AND AMENDMENT OF CONTRACT**

    1.    At the anniversary of this Contract, upon receipt of a score by the Professional of 95 percent on a 360 degree performance evaluation and delivery of all enumerated Expected Results, NKEC agrees to renew the employment of the Professional and extend this Contract by an additional year.

    2.    In the event NKEC determines not to extend the employment of the Professional, this Contract shall expire on August 31, 2009, or the later date established by earlier renewals.

    3.    In the event that the Professional determines to resign this position with NKEC, the Professional shall give notice at least 60 days before the end of the Contract term or an anniversary of it in a manner consistent with Section 27A-10 of the *School Code*. In the event that the assignment is terminated by the Professional in any other manner, liquidated damages of $3,000.00 shall be deemed to be the cost of terminating this agreement before its expiration and shall be paid before the agreement terminates.

    4.    Any salary or other adjustment or modification made during the life of this Contract shall be in the form of a written amendment and shall become a part of this Contract, but such adjustment or modification shall not be construed as a new Contract with the Professional or as an extension of the termination date of this Contract.

F.    **EVALUATION**

The Professional shall be evaluated four times a year with the fourth iteration no later than May 31st of the Contract Year pursuant to the 360 degree performance evaluation developed collaboratively by the NKEC Board, school administration and peer Professionals.

G.  **TERMINATION**

    1.    This employment Contract may be terminated during its term by:

        a.    Mutual agreement;

        b.    Permanent disability (inability to perform essential job functions with or without accommodation);

        c.    Discharge for cause; or

        d.    Death.

    2.    Discharge for cause during the term of this Contract shall be for any conduct, act, or failure to act by the Professional which, in the discretion of NKEC, is deemed detrimental to the best interests of the School and those it serves.

H.  **MISCELLANY**

    1.    Any notice required to be given under this Contract shall be deemed sufficient if it is in writing and sent by registered or certified mail to the last known residence of the Professional or to the CEO of NKEC at 900 Wester Boulevard, Pingree Grove, IL 60140.

    2.    This Contract has been executed in Illinois and shall be governed in accordance with the laws of the State of Illinois in every respect and adjudicated in a court of competent jurisdiction within Kane County.

    3.    Paragraph headings and numbers have been inserted for convenience of reference only and, if there shall be any conflict between such headings or numbers and the text of this Contract, the text shall control.

    4.    This Contract may be executed in one or more counterparts, each of which shall be considered an original, and all of which taken together shall be considered one and the same instrument.

    5.    This Contract contains all the terms agreed upon by the parties with respect to the subject matter of this Contract and supersedes all prior agreements, arrangements, and communications between the parties concerning such subject matter, whether oral or written.

    6.    This Contract shall inure to the benefit of and be binding upon NKEC and its successors and assigns.

       **IN WITNESS WHEREOF**, the parties have executed this Employment Contract the date and year set forth above.

| The PROFESSIONAL | NORTHERN KANE EDUCATIONAL CORP. |
|---|---|
| _[signature]_ | By: _[signature]_ |
|  | President/CEO |
| DATE: 8/14/2007 | ATTEST: _[signature]_ |
|  | Witness |
|  | DATE: 8/14/07 |

- 6 -

```
FILED: AUGUST 7, 2008
08CV4477
JUDGE HOLDERMAN
MAGISTRATE JUDGE SCHENKIER

JFB
```

# Exhibit B

ADDENDUM 2008

The person's (named below) Employment Contract between and Northern Kane Educational Corp. and Appendix B (role description) are hereby, by mutual agreement, being modified:

1. Teacher's or Professional's Name: Dorota Jordan
2. Term extended to (A.1.): August 31, 2009
3. Classification (A.1.): Bronze
   The teacher's classifications of P, ID, N, & LA have been changed to:
   a. Bronze – Years 1 & 2 as a teacher
   b. Silver – Years 3 – 5
   c. Gold – Years 6 and above
   d. National Board Certified Teacher
      (Available to both Silver and Gold level personnel)

4. Base Compensation for 2008-2009 Fiscal Year (A.2.): $32,500.00
5. Incentive Compensation: Equal to or greater than FY 2007-2008 to be determined in September 2008.
6. Primary Assignment (Subject to D. 3.): Seventh
7. Additional Role:
   a. Assigned a "Homeroom" administrator: YES
      (Stipend $500)
   b. Assigned as Team Leader for the Grade Team: NO
      (Stipend $1,200)
   c. Special assignment: Payroll & Insurance Program Administration --
      Stipend = $3,600.00
8. Role of Team Leaders:
   a. As Grade Team Leader: Leading by example, counseling/mentoring, shaping the curriculum and its delivery, differentiating learning, overseeing the personal learning plan process and teaching.
   b. As Cross-over Team Leader: Auditing adherence to concepts, curriculum, learning methodology, teamwork; process consultant; advocate for team and individual improvement and small school direction.

Continue on next page . . .

9. The Teacher\Professional acknowledges that the teaching and learning team can select and nominate one person to be elected a director of Northern Kane Educational Corp. at the next Annual Meeting. This Board Member will serve a one, two or three year term subject a drawing after the election of four new directors at the FYE 2007 annual meeting *(expected to be held in May 2008)*. The by-laws provide that each director shall serve until a replacement has been seated after a director's term expires or a director's resigns.

The elected teaching\learning board member shall be the principal channel for communication, collaboration and mutual action between the teaching and learning team and the board of Northern Kane Educational Corp. It is mutually expected that this new relationship between the teaching and learning team and the board will enhance and increase the effectiveness of governance and collaboration within Northern Kane Educational Corp.

The signatures affixed below affirm that this addendum shall modify, by agreement, the herein delineated terms and conditions of the referenced Employment Contract and Role Description. All other provisions of these documents remain in full force and effect without modification.

**Accepted and Agreed to:**

The Teacher\Professional

*[signature]*

Dorota A. Jordan
Printed name:

Date: 3/18/2008

Northern Kane
Educational Corp.

*[signature]*

Larry Fuhrer, Executive
Director/CEO

Date: 3/18/2008

*Attest:*

*[signature]*
Printed name: Karen Behrns