IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTA JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 4477 |
| v. ) | |
| ) | Chief Judge James F. Holderman |
| NORTHERN KANE EDUCATIONAL CORP. ) | |
| and LARRY FUHRER, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS

Dorota Jordan filed this lawsuit under 42 U.S.C. § 1983 against her former employer, Northern Kane Educational Corporation (NKEC) and its Chief Executive Officer, Larry Fuhrer, (collectively "defendants"), after NKEC terminated Jordan's employment. Pending before the court is the defendants' motion to dismiss [15]. For the reasons stated below, the motion is denied.

Background

NKEC is a not-for-profit organization located in Warrenville, Illinois. NKEC owns and initiated the charter for Cambridge Lakes Charter School ("School"), located in Pingree Grove, Illinois. Illinois School District 300 holds the charter for the School.

On January 29, 2007, NKEC hired Jordan to serve at-will as the executive director of the school. On August 14, 2007, NKEC and Jordan entered into a written contract to employ Jordan at the School for a two-year term starting September 1, 2007, which is Exhibit A to Jordan's complaint [1].

According to Jordan's complaint, on March 1, 2008, NKEC relieved Jordan of her responsibilities as executive director and made her a full-time Social Science teacher for seventh and eighth grades. On March 18, 2008, Jordan and NKEC signed an addendum, Exhibit B to Jordan's complaint, which provided that Jordan would teach seventh grade until August 31, 2009. On June 11, 2008, NKEC terminated Jordan's employment.

On August 7, 2008, Jordan filed her complaint in this case under 42 U.S.C. § 1983 against NKEC alleging that NKEC wrongfully terminated her employment without a hearing in violation of her Fourteenth Amendment due process rights and in violation of her contractual rights with NKEC. Defendant NKEC has moved to dismiss Jordan's complaint [15].

Analysis

In its motion to dismiss, NKEC contends that it is entitled to dismissal of Jordan's claims because the defendants are not state actors and thus cannot be held liable under section 1983. A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Sigsworth v. City of Aurora*, 487 F.3d 506, 508 (7th Cir. 2007). In ruling on a motion to dismiss, the court may consider documents attached to the complaint that are consistent with the allegations of the complaint. *Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752-53 (7th Cir. 2001).

To properly state a claim under section 1983, Jordan is required to allege that a state actor or government official, acting under color of state law, deprived her of a right secured by the Constitution or laws of the United States. *See Christensen*, 483 F.3d at 459. The defendants

do not dispute at this juncture Jordan's allegation that NKEC terminated Jordan's employment without a hearing or that such termination might violate Jordan's constitutional rights if the defendants were state actors. Therefore, the only issue the court must address is whether the defendants are state actors for the purpose of this lawsuit.

The parties devote the majority of their briefs to contesting whether Cambridge Lakes Charter School is a public school. Under the Illinois Charter School Act, "[a] charter school shall be a *public*, nonsectarian, nonreligious, non-home based, and non-profit school." 105 ILL. COMP. STAT. 5/27A-5(a) (2005) (emphasis added). As a public school, Cambridge Lakes Charter School is a state actor. *See Jones v. Sabis Educ. Sys., Inc.*, 52 F. Supp. 2d 868, 876 (N.D. Ill. 1999). The School, however, is not a party to the current litigation.

The employment contract at issue in this litigation is between Jordan and NKEC, an Illinois Corporation which is the School's owner. The Illinois Charter School Act instructs that a charter school "shall be organized and operated as a nonprofit corporation or other discrete, legal, nonprofit entity authorized under the laws of the State of Illinois." 105 ILL. COMP. STAT. 5/27A-5(a). Although the Act provides that a charter school shall be a public entity, the Act does not explicitly address whether the entity that owns the charter is a "public" entity. The language of the Act provides, however, that "[a] charter school shall be administered and governed by its board of directors or other governing body in the manner provided in its charter." 105 ILL. COMP. STAT. 5/27A-5(c). The governing body shall propose and control:

> (4) The mission statement of the charter school, which must be consistent with the General Assembly's declared purposes; provided that nothing in this Article shall be construed to require that, in order to receive favorable consideration and approval, a charter school proposal demonstrate unequivocally that the charter school will be able to meet each of those declared purposes, it being the intention

> of the Charter Schools Law that those purposes be recognized as goals that charter schools must aspire to attain.
>
> (5) The goals, objectives, and pupil performance standards to be achieved by the charter school.
>
> * * *
>
> (7) A description of the charter school's educational program, pupil performance standards, curriculum, school year, school days, and hours of operation.
>
> * * *
>
> (10) A description of the governance and operation of the charter school, including the nature and extent of parental, professional educator, and community involvement in the governance and operation of the charter school.

105 ILL. COMP. STAT. 5/27A-7(a).

NKEC argues that its status as a public entity is not the same as the School's. It is undisputed, however, that NKEC initiated and owns the charter for the School. A review of the NKEC's employment contract with Jordan and the addendum to that contract reveals that NKEC had authority to contract with employees to staff the School. Moreover, NKEC asserts in its brief that the owners of a charter school have authority to "create their own mission statement of the charter school; set the goals, objectives and pupil performance standards to be achieved; describe the charter schools [sic] educational program, pupil performance standards, curriculum, school year, school days, and hours of operation; and describe the governance and operation of the charter school." (Defs.' Mem. Supp. Mot. Dismiss 3.) This language tracks the language of the Act that refers to the duties of a charter school's governing body. *See* 105 ILL. COMP. STAT. 5/27A-7(a). Based on NKEC's assertions throughout its briefs, it appears that NKEC considers itself the governing body of Cambridge Lakes Charter School.

4

Under the provisions of the Illinois Charter School Act, NKEC as "[t]he governing body of a charter school [is] subject to the Freedom of Information Act and the Open Meetings Act." 105 ILL. COMP. STAT. 5/27A-5(c). The Illinois Supreme Court has held that the "purpose of the FOIA is to open governmental records to the light of public scrutiny." *S. Illinoisan v. Ill. Dept. of Health*, 844 N.E.2d 1, 15 (Ill. 2006). The policy basis for the Illinois Freedom of Information Act is that "all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act." 5 ILL. COMP. STAT. 140/1 (2005). A similar policy basis underlies the Opening Meetings Act:

> It is the public policy of this State that public bodies exist to aid in the conduct of the people's business and that the people have a right to be informed as to the conduct of their business . . . . [The] intent of this Act to ensure that the actions of public bodies be taken openly and their deliberations be conducted openly.

5 ILL. COMP. STAT. 120/1 (2005).

Under the Illinois Charter School Act, NKEC as the governing body of a charter school is subject to the same disclosure requirements applicable to other government entities in Illinois. *See* 105 ILL. COMP. STAT. 5/27A-5(c). It therefore appears that the Illinois legislature when enacting the Illinois Charter School Act intended that the governing body of a charter school function as a public, governmental entity. Consequently, NKEC, in its capacity as the governing body of the Cambridge Lake Charter School, is a state actor for the purpose of this lawsuit.

Finally, the court notes that to prevail under section 1983, Jordan will eventually have to prove that she has a protectable property interest in her employment contract with NKEC. *See Jones*, 52 F. Supp. 2d at 879. Jordan has sufficiently alleged in paragraph 19 of her complaint that she holds such a property interest in her employment with NKEC. That is all that is

5

necessary at this point in the litigation, and the court will not address that issue further at this time.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [15] is denied. Defendants are directed to answer plaintiff's complaint on or before March 20, 2009. Counsel are requested to hold a Rule 26(f) conference and file a jointly completed Form 52 signed by counsel for each party on or before March 27, 2009. The case is set for a report on status and entry of a scheduling order at 9:00 a.m. on April 9, 2009. The parties are encouraged to discuss settlement.

ENTERED:

_James F. Holderman_
James F. Holderman
Chief Judge

Dated: March 2, 2009